

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZAMIR IGNACIO HURTADO-ASPIRILLA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTOPHER J LAROSE,<br><br>　　　　　　　　Respondent. | Case No. 26-cv-02925-BAS-MMP<br><br>**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8)** |

Petitioner Zamir Ignacio Hurtado-Aspirilla filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody. (ECF No. 8.) The Government responds. (ECF No. 13.) For the reasons stated below, the Court **DENIES** the Amended Petition.

## I.　　LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It

applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner alleges an Immigration Judge ordered him removed to Ecuador on March 4, 2026. (ECF No. 8.) Petitioner argues that since he has not yet received travel documents and is unlikely to be removed to Ecuador, there is no significant likelihood of removal in the reasonably foreseeable future under *Zadvydas*, 533 U.S. 678.

The Government counters that Ecuador refused to accept Petitioner because of Petitioner's criminal history, so on June 22, 2025, the Department of Homeland Security ("DHS") filed a motion to reopen proceedings to pursue removal to Venezuela— Petitioner's home country. (ECF No. 13.) According to the Government, an Immigration Judge granted DHS's motion, and that ruling placed Petitioner back into removal proceedings. (*Id.*)  Therefore, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because of his arrest for knowing or intentional child abuse resulting in death or serious bodily injury. (*Id.*)

Under either scenario outlined above, Petitioner is not entitled to relief. In *Zadvydas*, the Supreme Court ruled that a six-month period to effectuate removal is presumptively reasonable. 533 U.S. at 701. However, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* In addition, "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, it has been only four months since Petitioner was allegedly ordered removed. He makes no effort to rebut the presumption that his detention to effectuate removal is presumptively reasonable. Instead, he simply argues that there is no imminent

26cv2925

prospect of removal to a third country by DHS.  (ECF No. 8.) Because the Court cannot find, at this point, that there is no significant likelihood of removal to a third country in the reasonably foreseeable future, the Amended Petition is insufficient even without the additional facts provided by the Government. *See Zadvydas*, 533 U.S. at 701.

The Government adds that Petitioner is no longer subject to a final removal order, and therefore, he is mandatorily detained under 8 U.S.C. § 1226(c). Section 1226(c) requires that a non-citizen "charged with [or] arrested for . . . any crime that results in death or serious bodily injury to another person" be mandatorily detained. *Id.* The Government alleges Petitioner is subject to this provision.

The Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003), found this mandatory detention provision to be constitutionally distinguishable from *Zadvydas* because detention under § 1226(c) has a "definite termination point"—the conclusion of removal proceedings. *Id.* at 529. This ruling was confirmed in *Jennings v. Rodriguez*, 583 U.S. 281, 305 (2018), where the Court explained that "§ 1226(c) mandates detention of any alien falling within its scope and . . . detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." Assuming what the Government says is true, Petitioner is subject to mandatory detention under § 1226(c).

Under either the scenario outlined by Petitioner or that outlined by Respondent, Petitioner is not entitled to an order of release. Hence, the Court denies the Amended Petition.

**III.   CONCLUSION**

For the reasons stated above, the Court **DENIES** the Amended Petition. (ECF No. 8.) The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2925